[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 16, 1977, at Ansonia, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably.
The court has considered all statutory criteria contained in Conn. General Statutes 46b-54, 46b-81, 46b-82 and 46b-84, and enters the following orders:
1. Custody of the minor child is awarded to the plaintiff subject to rights of reasonable visitation in the defendant upon 24 hour notice.
2. The defendant shall maintain health insurance for the benefit of the minor child as it is available through his employment. The parties shall divide equally all uninsured, non-reimbursed medical and dental expenses incurred on behalf of the minor child.
3. The defendant shall cooperate in making available to the plaintiff for so long as the law allows, medical benefits available through his employment, at her cost.
4. The plaintiff shall have the right to claim the minor child for tax purposes for calendar year 1990. Thereafter, the defendant shall have the right to claim the child and the plaintiff shall execute all documents necessary to effectuate this order.
5. All right, title and interest in the property located at 75 Saltonstall Parkway #4, East Haven, that is currently titled in the defendant, is awarded to him. The plaintiff, though, is awarded the exclusive use and possession of those premises until June 30, 1991. While the defendant may offer the premises for sale, no buyer shall be given a right of occupancy which accrues earlier than July 1, 1991. The plaintiff shall keep the premises in good condition and shall cooperate, if requested, in the sale of the premises.
6. The defendant shall pay, as child support through June 30, 1991, the mortgages, insurance, taxes and association fees associated with the East Haven property. Commencing July 1, 1991, the defendant shall pay, as child support $162.00 per week. This order is subject to an immediate wage withholding order and is in compliance with the Child Support Guidelines. CT Page 3846
7. The defendant shall pay to the plaintiff, as alimony, until the death of either party, the plaintiff's remarriage or January 5, 1997, whichever comes sooner, $50.00 per week.
8. The child support and alimony orders are subject to an immediate wage withholding order and the medical insurance provisions, supra, are subject to Conn. General Statutes46b-84 (c).
9. Pursuant to Conn. General Statutes 46b-81, the defendant shall pay to the plaintiff $13,500.00 in the following manner: $3500.00 on or before June 1, 1991; $2500.00 on or before June 1, 1992; $2500.00 on or before June 1, 1993; and $5000.00 on or before June 1, 1994. Notwithstanding the above order, if the East Haven property is sold for $85,000.00 or more, the above debt shall be immediately payable. In addition, if the property is sold for in excess of $85,000.00, in addition to the above order, the plaintiff shall receive two-thirds of the difference between $85,000.00 and the selling price.
10. Each party shall be responsible for their own counsel fees.
By the Court: Elaine Gordon, Judge.